### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) No. 21-cv-2512 |
| v. | ) ) ) |
| ILLINOIS INSTITUTE OF TECHNOLOGY, | ) ) ) |
| Defendant. | ) |

### NOTICE OF REMOVAL

Defendant Illinois Institute of Technology ("IIT"), by its attorneys Saul Ewing Arnstein & Lehr LLP, hereby gives notice of the removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. This Notice is based upon the original jurisdiction of this Court over the parties under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). In support thereof, IIT states as follows:

### Background

1. On March 25, 2021, Plaintiff John Doe ("Plaintiff") filed a Class Action Complaint in the Circuit Court of Cook County, Illinois – Chancery Division, Case Number 21 CH 1421. A copy of Plaintiff's Class Action Complaint is attached as Exhibit A.

2. IIT agreed to waive service of the summons on April 12, 2021. A copy of counsel for IIT's email agreeing to accept service is attached as Exhibit B.[1] No substantive matters have been addressed in the Circuit Court of Cook County as of the date of this filing.

---

[1] Before the parties could execute a Notice and Acknowledgement of Service, service of process was effectuated on IIT on April 14, 2021. A copy of the Affidavit of Service is attached as Exhibit C.

1

3. Plaintiff's Complaint alleges that he is a former student of IIT who was required to use the online remote proctoring tool called Respondus Monitor ("Respondus"). According to Plaintiff, Respondus collects and uses students' biometric identifiers and information without the students' written or informed consent. (Compl. ¶ 2.) Plaintiff also asserts that IIT does not have a "legally-compliant" written public policy establishing a retention schedule and guidelines for destruction of students' biometric information and, in fact, does not comply with any such policy. (*Id.*) Plaintiff claims that he has not used Respondus since January 21, 2021. (*Id.* ¶ 88.)

4. Plaintiff's four-count Complaint against IIT alleges that this conduct violates the Illinois Biometric Information Privacy Act, 470 ILCS 14/ ("BIPA"). Count I of Plaintiff's Complaint alleges that IIT has violated Section 15(a) of BIPA by failing to have a written policy and failing to destroy biometric identifiers and information when the initial purpose for doing so has expired or within three years of the individual's last interaction with IIT. Count II alleges that IIT has violated Section 15(b) of BIPA by collecting, capturing, and obtaining biometric identifiers and information without informing students that it is doing so and without obtaining written consent. Count III alleges a violation of Section 15(c) of BIPA based upon Plaintiff's claims that IIT "profits" from requiring students to use Respondus, because Respondus allows IIT to save money while charging students tuition. Finally, Count IV alleges that IIT violated Section 15(d) of BIPA by disseminating students' biometric identifiers and information to its instructors and other agents without the students' consent to the disclosure.

5. Plaintiff purports to represent a class of similarly situated former and current IIT students who used Respondus in the last five years. (Compl. ¶ 95.) Plaintiff alleges that IIT's conduct was "negligent and reckless" and seeks damages, attorneys' fees, and costs. (*Id.* ¶¶ 112, 114, 122, 124, 130, 132, 136, 138.)

**Timeliness of Removal and Venue**

6. This Notice of Removal has been timely filed within thirty days of IIT's receipt of the Class Action Complaint. *See* 28 U.S.C. § 1446(b).

7. The Circuit Court of Cook County, Illinois is located within the United States District Court for the Northern District of Illinois, Eastern Division. *See* 28 U.S.C. § 93(a)(1). Thus, venue is proper in this Court under 28 U.S.C. § 1441(a) because the Northern District of Illinois "embraces" the state court in which the removed action is pending.

**Removal is Proper Pursuant to CAFA**

8. "A defendant has the right to remove a case from state to federal court when the federal court could exercise jurisdiction in the first instance." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006) (*citing* 28 U.S.C. § 1441(a)). This Court's jurisdiction is measured at the time of removal. *Id.*; *see also Twin City Fire Ins. Co. v. Law Office of John S. Xydakis, P.C.*, 407 F. Supp. 3d 771, 776 (N.D. Ill. 2019).

9. CAFA vests federal district courts with original jurisdiction over any case which is: (a) a putative class action; (b) with a proposed class of at least 100 members; (c) that satisfies minimal diversity requirements; and (d) presents an amount in controversy of at least five million dollars in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d); *see also Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676-77 (7th Cir. 2006). "CAFA was enacted to 'grant broad federal jurisdiction over class actions." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012). Accordingly, CAFA should be read "broadly, with a strong preference that interstate class actions… be heard in federal court." *Hart*, 457 F.3d at 681.

10. This action satisfies all four requirements of CAFA and removal is therefore warranted. First, Plaintiff's lawsuit is a putative class action and the proposed class contains at least 100 members. Plaintiff alleges that IIT's current student population exceeds 6,000 students. (Compl. ¶ 1.) Furthermore, Plaintiff states that class members "number, at least, in the thousands." (*Id.* ¶ 98.) And Plaintiff's proposed class includes all former and current students who used Respondus for a five year period. This number exceeds 100 individuals. Therefore, the first requirement for removal pursuant to CAFA is met.

11. Second, minimal diversity is satisfied. Minimal diversity requires only that "at least one class member [be] diverse from at least one defendant." *Roppo*, 869 F.3d at 578. IIT is an Illinois not-for-profit corporation with its principal place of business in Chicago, Illinois and, therefore, is a citizen of Illinois. *See CCC Information Servs., Inc. v. American Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000). Many members of the putative class are citizens of states other than Illinois.[2] As such, minimal diversity is met.

12. Finally, the amount in controversy exceeds CAFA's requirement. To "determine whether the matter in controversy" exceeds five million dollars, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(2); *see also Roppo*, 869 F.3d at 581. A "good faith estimate" of the amount of damages is enough, as this burden is a "pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally *impossible* for the plaintiff to recover that much." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (citations omitted) (emphasis added).

---

[2] In fact, in 2020, more than half of IIT's students were citizens in places other than Illinois.

13. BIPA provides statutory damages in the amount of $5,000 for each violation in the event the Plaintiff can prove that IIT acted "recklessly" in violating its provisions. 740 ILCS 14/20(2). Plaintiff alleges that IIT acted recklessly (Compl. ¶¶ 112, 122, 130, 136) and even at Plaintiff's alleged minimum of "thousands" of class members, possible damages would be ten million dollars (2,000 x $5,000 = $10,000,000).[3] In addition, attorneys' fees may be used in determining the amount in controversy. *See ABM Security Services, Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011). BIPA permits the recovery of attorneys' fees, *see* 740 ILCS 14/20(3), and Plaintiff requests that such fees be awarded. (Compl. ¶¶ 114, 124, 132, 138.) Accordingly, the amount in controversy exceeds five million dollars and removal is appropriate.

## Conclusion

14. As set forth above, this Court has original jurisdiction over this matter pursuant to CAFA. IIT submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding liability, fault, damages or that Plaintiff has pled a claim upon which relief could be granted, and expressly preserving all defenses to the Complaint, including that the matter is not appropriate for class resolution.

15. A copy of this Notice of Removal is being served upon all known counsel of record as required by law, and a notice of removal is being filed with the Clerk of the Circuit Court of Cook County, Illinois simultaneously with this filing.

---

[3] Even at 1,000 class members, which is the bare minimum for "thousands" as alleged by Plaintiff, statutory damages (without adding a potential attorneys' fees award) would be $5,000,000. IIT presents this potential damages calculation solely for purposes of evaluating the amount in controversy under CAFA. IIT expressly denies that Plaintiff, or any other class member, is entitled to recover any amount from IIT or that this matter is appropriate for class treatment.

WHEREFORE, IIT hereby gives notice of the removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: May 10, 2021

Respectfully submitted,

ILLINOIS INSTITUTE OF TECHNOLOGY

By: /s/ William T. "Toby" Eveland
      One of its attorneys

William T. "Toby" Eveland (toby.eveland@saul.com)
Christopher Naveja (christopher.naveja@saul.com)
Elizabeth A. Thompson (elizabeth.thompson@saul.com)
Andrew E. Bollinger (andrew.bollinger@saul.com)
Saul Ewing Arnstein & Lehr LLP
161 North Clark Street, Suite 4200
Chicago, Illinois 60601
(312) 876-7100

# **CERTIFICATE OF SERVICE**

  The undersigned attorney certifies that on May 10, 2021, she caused the foregoing **Notice of Removal** to be filed electronically with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which sent electronic notification to all parties who have appeared and are registered as CM/ECF participants in this matter, and sent notice via email to:

Brian K. Murphy (murphy@mmmb.com)
Joseph F. Murray (murray@mmmb.com)
Jonathan P. Misny (misny@mmmb.com)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, Ohio 43215

Mary C. Turke (mary@turkestrauss.com)
Samuel J. Strauss (sam@turkestrauss.com)
Turke & Strauss
613 Williamson Street, Suite 201
Madison, Wisconsin 53703

Anthony I. Paronich (anthony@paronichlaw.com)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043

                /s/ Elizabeth A. Thompson