**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL FEE, individually and on behalf of all others similarly situated, Plaintiff, | ) | No. 21-cv-2512 |
| v. | ) | |
| ILLINOIS INSTITUTE OF TECHNOLOGY, Defendant. | ) | Judge Andrea R. Wood |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Illinois Institute of Technology ("IIT"), by its counsel, for its Memorandum in support of its Motion to Dismiss the First Amended Complaint with prejudice, states:

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff purports to represent a class of similarly situated former and current IIT students who were allegedly required to use an online remote proctoring tool called Respondus Monitor ("Respondus") when taking exams. Plaintiff alleges that IIT's use of Respondus violates the Illinois Biometric Information Privacy Act, 740 ILCS 14/15 ("BIPA"). However, by its express terms, BIPA does not apply to IIT. Specifically, Section 25(c) of BIPA provides that it does not apply to "financial institutions" subject to Title V of the Gramm-Leach-Bliley Act (the "GLBA") and rules promulgated under the GLBA. IIT, like other institutions of higher education, is a financial institution as defined by the GLBA and is, thus, subject to Title V of the GLBA. Therefore, because BIPA is inapplicable to IIT, all of Plaintiff's claims fail as a matter of law and dismissal with prejudice is warranted.

## II. PROCEDURAL POSTURE AND FACTUAL BACKGROUND

On March 25, 2021, Plaintiff Daniel Fee ("Plaintiff") filed a Class Action Complaint as a John Doe in the Circuit Court of Cook County, Illinois – Chancery Division, Case Number 21 CH 1421. On May 10, IIT removed the action to this Court. (Doc. No. 1.) On May 12, this Court entered an Order that provides, in part: "The Court observes that Plaintiff has filed the complaint

under the pseudonym 'John Doe.' It is not apparent from the face of the complaint, however, why it would be appropriate for Plaintiff to proceed anonymously in this matter. If Plaintiff still desires to proceed anonymously, by 6/9/2021, Plaintiff must file a motion to proceed anonymously setting the basis for this exceptional treatment." (Doc. No. 10.) In response, on May 21, Plaintiff filed his First Amended Complaint ("FAC"), which dropped the pseudonym. (Doc. No. 13.)

Plaintiff's FAC alleges that he is a former student of IIT who was required to use Respondus when taking exams remotely online. According to Plaintiff, Respondus collects and uses students' biometric identifiers and information without the students' written or informed consent. (FAC ¶ 2.) Plaintiff also asserts that IIT does not have a "legally-compliant" written public policy establishing a retention schedule and guidelines for destruction of students' biometric information. (*Id.*)

Plaintiff's four-count FAC alleges that this conduct violates BIPA. Specifically, Count I alleges that IIT violated BIPA Section 15(a) by failing to have a written policy and failing to destroy biometric identifiers and information when the initial purpose for doing so has expired or within three years of the individual's last interaction with IIT. Count II alleges that IIT violated BIPA Section 15(b) by collecting, capturing, and obtaining biometric identifiers and information without informing students that it is doing so and obtaining written consent. Count III alleges a violation of BIPA Section 15(c) based on claims that IIT "profits" from requiring students to use Respondus because it allows IIT to save money while charging students tuition. Finally, Count IV alleges that IIT violated BIPA Section 15(d) by disseminating students' biometric identifiers and information to its instructors and other agents without the students' consent to the disclosure.

Plaintiff purports to represent a class of similarly situated former and current IIT students who used Respondus in the last five years. (FAC ¶ 95.) Plaintiff, however, claims he has not used

Respondus since January 21, 2021. (*Id.* ¶ 88.) Plaintiff alleges that IIT's conduct was "negligent and reckless" and seeks damages, attorneys' fees, and costs. (*Id.* ¶¶ 112, 114, 122, 124, 130, 132, 136, 138.)

## III. LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to plausibly state a claim for relief. *Taha v. Int'l Brotherhood of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020). The court also must disregard all factual and legal conclusions in the complaint because Rule 12(b)(6) "require[s] more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action [for a complaint] to be considered adequate." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019).

When confronted with issues of statutory interpretation, the cardinal rule is that courts are to give effect to the legislature's intent. *See, e.g., Tolene v. T-Mobile, USA, Inc.*, 178 F. Supp. 3d 674, 685 (N.D. Ill. 2016) (applying Illinois law); *Ryan v. Bd. of Trustees of General Assembly Retirement System*, 236 Ill.2d 315, 319 (2010). Where the statutory language is clear and unambiguous, courts should not "read exceptions, conditions, or limitations into a statute that the legislature did not express." *Ryan*, 236 Ill.2d at 319-20; *Tolene*, 178 F. Supp. 3d at 685.

As set forth below, Plaintiff cannot allege a plausible claim under BIPA against IIT because BIPA does not apply to IIT under the clear and unambiguous language of the statute. As such, this action should be dismissed with prejudice pursuant to Rule 12(b)(6).

## IV. ARGUMENT

IIT is exempt from BIPA. Specifically, BIPA provides that it does not apply in any manner to a "financial institution" subject to Title V of the GLBA. Like many other colleges and universities, IIT makes and administers numerous student loans. In fact, IIT is included in the U.S. Department of Education's list of education institutions that participate in Title IV federal student

aid programs. *See* United States Dept. of Educ. Federal Student Aid Office, *Federal School Code Lists*, at https://fsapartners.ed.gov/knowledge-center/library/resource-type/Federal%20School%20Code%20Lists (last visited June 5, 2021). And, IIT's Program Participation Agreement with the U.S. Department of Education relating to its receipt of Title IV funding expressly provides that IIT must comply with the GLBA and the FTC's regulations regarding same; IIT also issued an "Information Security Program" policy in July 2008 for the purpose of complying with the GLBA. *See* Exs. 1 (§ 3(f)) and 2.[1] Because colleges and universities (including IIT) make and administer student loans, they are financial institutions as defined by the GLBA and are, thus, subject to Title V of the GLBA, as several federal agencies have confirmed. Thus, BIPA does not apply to IIT, and the Court should dismiss Plaintiff's claims with prejudice.

### A. BIPA Does Not Apply In Any Manner to Financial Institutions Subject to Title V of the GLBA.

BIPA includes an express exemption that carves out financial institutions subject to Title V of the GLBA. Specifically, Section 25(c) of BIPA provides:

> Nothing in this Act shall be deemed to apply in any manner to a financial institution or an affiliate of a financial institution that is

[1] The Court may take judicial notice of facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, including documents retrieved from a government website. *See* Fed. R. Evid. 201(b)(2); *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (court may take judicial notice of internet website so long as Rule 201(b) was satisfied); *Goplin v. WeConnect, Inc.*, 893 F.3d 488, 491 (7th Cir. 2018) (court can take judicial notice of defendant's website); *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 944 n.3 (7th Cir. 2010) (same); *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002) (court can take judicial notice of information about a bank from FDIC website); *People v. Crawford*, 2013 IL App (1st) 100310, ¶ 118 n.9 (courts may take judicial notice of "information on a public website"). Judicially noticed documents may be considered at the motion to dismiss stage without converting the motion into a motion for summary judgment. *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012) ("Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment."). *See also Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

> subject to Title V of the federal Gramm-Leach-Bliley Act of 1999 and the rules promulgated thereunder.

740 ILCS 14/25(c). This language is clear and unambiguous. The Illinois General Assembly intended to exempt from BIPA's scope all financial institutions that are subject to Title V of the GLBA. Thus, despite Plaintiff's requests, there is no reason to read any exceptions, conditions, or limitations into BIPA "that the legislature did not express." *See Ryan,* 236 Ill.2d at 319-20.

Furthermore, viewing BIPA as a whole demonstrates the General Assembly's intent to exclude financial institutions from BIPA's scope. Specifically, BIPA contains other exemptions that are phrased more narrowly than the exemption for financial institutions subject to the GLBA. For example, BIPA provides that "[n]othing in this Act shall be construed to conflict with the X-Ray Retention Act, the federal Health Insurance Portability and Accountability Act of 1996 ["HIPAA"] and the rules promulgated under either Act." 740 ILCS 14/25(b). In that section, the General Assembly provided that BIPA could apply to entities subject to the X-Ray Retention Act and HIPAA, provided there was no conflict. Likewise, BIPA provides that "[n]othing in this Act should be construed to conflict with the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004 and the rules promulgated thereunder." 740 ILCS 14/25(d). By contrast, the exemption for financial institutions subject to the GLBA is broader, and does not consider whether there is a conflict between BIPA and the GLBA; instead, BIPA simply provides that "nothing in this Act shall be deemed to apply *in any manner* to a financial institution . . . that is subject to Title V of the [GLBA] and the rules promulgated thereunder." 740 ILCS 14/25(c) (emphasis added). Thus, reading Section 25(c) in context further supports the conclusion that BIPA exempts such financial institutions in their entirety. *See People v. Fredericks*, 2014 IL App (1st) 122122, ¶ 23 ("When the legislature uses certain language in one part of a statute and different language in another, we may assume different meanings were intended.").

BIPA itself does not explain why it does not apply to financial institutions subject to Title V of the GLBA, but it is likely that the General Assembly recognized that the GLBA already places significant obligations on financial institutions relating to the collection, protection, and disclosure of nonpublic personal information. *See* 15 U.S.C. §§ 6801-09. Indeed, this Court has recognized that "[t]he General Assembly likely excluded financial institutions because they are already subject to a comprehensive privacy protection regime under federal law." *Bryant v. Compass Group USA, Inc.*, No. 19 C 6622, 2020 WL 7013963, at *3 (N.D. Ill. Nov. 29, 2020, Kendall, V.). *See also Stauffer v. Innovative Heights Fairview Heights, LLC*, 480 F. Supp. 3d 888, 902 (S.D. Ill. 2020) (recognizing that BIPA's "financial institution" exemption "is not for *all* financial institutions; rather it is for those that are already covered by another law similar to BIPA [i.e., the GLBA] that requires financial institutions to explain their information-gathering practices and how they safeguard sensitive data to their customers."). Thus, any entity that is a financial institution subject to Title V of the GLBA is exempted from BIPA and cannot be sued for violating BIPA.

**B. Colleges and Universities Are Financial Institutions Subject to Title V of the GLBA, as Recognized by the Federal Trade Commission, the U.S. Department of Education, and the U.S. Office of Management and Budget.**

Institutions of higher education like IIT are "financial institutions . . . subject to Title V of the [GLBA]." 740 ILCS 14/25(c). Title V of the GLBA applies to any "financial institution" that falls within the scope of the following definition: "any institution the business of which is engaging in financial activities as described in section 1843(k) of Title 12." 15 U.S.C. § 6809(3)(A). Section 1843(k) of Title 12 in turn provides that "financial activities" include, among other things, "lending, exchanging, transferring, investing for others, or safeguarding money or securities," and also incorporates by reference activities enumerated by the Federal Reserve Board in 12 C.F.R. § 211.5(d) and 12 C.F.R. § 225.28. *See* 12 U.S.C. § 1843(k)(4)(A), (k)(5)(A). Higher education

institutions like IIT engage in such financial activities when they make and administer student loans, and thus, they qualify as financial institutions under the GLBA.

The Federal Trade Commission ("FTC"), which enforces the GLBA, agrees that colleges and universities are "financial institutions" subject to Title V of the GLBA. Indeed, when the FTC issued its "Privacy Rule" governing how financial institutions can collect and disclose customer information under the GLBA, it rejected the suggestion that institutions of higher education are not financial institutions:

> The Commission also received several comments from colleges and universities and their representatives requesting that institutions of higher education be excluded from the definition of financial institution. **The Commission disagrees with those commenters who suggested that colleges and universities are not financial institutions.** Many, if not all, such institutions appear to be significantly engaged in lending funds to consumers.

Fed. Trade Comm'n, *Privacy of Consumer Financial Information, Final Rule*, 65 Fed. Reg. 33646, 33648 (May 24, 2000) (emphasis added). In accordance with this understanding, the FTC's Privacy Rule provides that institutions of higher education can demonstrate compliance with the Rule by complying with the Federal Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. 1232g, and its implementing regulations. *See* 16 C.F.R. § 313.1(b). Furthermore, the FTC's "Safeguards Rule," which addresses how financial institutions must protect customer information under Title V of the GLBA, uses the same definition of "financial institution" set out in the Privacy Rule. *See* 16 C.F.R. § 314.2(a) ("[T]he terms used in this part have the same meaning as set forth in the Commission's rule governing the Privacy of Consumer Financial Information, 16 CFR part 313."); *see also* Fed. Trade Comm'n, *Standards for Safeguarding Customer Information, Final Rule*, 67 Fed. Reg. 36484 (May 23, 2002).

Thus, well before the Illinois General Assembly ever considered the BIPA legislation in 2008, the issue of whether higher education institutions were "financial institutions" subject to the

GLBA had been publicly debated and settled. The FTC's 2000 rulemaking and its comments confirmed that institutions of higher education are "financial institutions" subject to the GLBA. Against this backdrop, the Illinois General Assembly passed BIPA and exempted such financial institutions from its scope.

Furthermore, the U.S. Department of Education and its Federal Student Aid Office ("FSA") agrees with the FTC's conclusion that institutions of higher education are financial institutions subject to Title V of the GLBA. The FSA is responsible for managing the student financial assistance programs authorized by Title IV of the Higher Education Act of 1965, and is the largest provider of student financial aid in the United States. *See* United States Dept. of Educ. Federal Student Aid Office, *About Us*, at https://studentaid.gov/about (last visited June 3, 2021). The FSA requires institutions of higher education that receive Title IV funds to comply with the GLBA and the FTC's Privacy Rule and Safeguards Rule. Specifically, on July 29, 2015, the FSA issued a "Dear Colleague" letter directed at institutions of higher education that states in pertinent part: "FSA requires institutions to comply with the Gramm-Leach-Bliley Act. Under Title V of the Gramm-Leach-Bliley Act, financial services organizations, including institutions of higher education, are required to ensure the security and confidentiality of customer records and information." United States Dept. of Educ. Federal Student Aid Office, *Protecting Student Information* (July 29, 2015), available at https://fsapartners.ed.gov/knowledge-center/library/dear-colleague-letters/2015-07-29/protecting-student-information.

A follow up "Dear Colleague" letter from the FSA issued on July 1, 2016 reminded institutions that "[u]nder the GLBA, financial services organizations, which include postsecondary educational institutions, are required to ensure the security and confidentiality of student financial aid records and information." United States Dept. of Educ. Federal Student Aid Office, *Protecting*

*Student Information* (July 1, 2016), available at https://fsapartners.ed.gov/knowledge-center/library/dear-colleague-letters/2016-07-01/gen-16-12-subject-protecting-student-information. Even more recently, the FSA again recognized that the GLBA applies to colleges and universities, stating "[t]he Federal Trade Commission (FTC) has enforcement authority for the requirements and has determined that institutions of higher education (institutions) are financial institutions under GLBA." United States Dept. of Educ. Federal Student Aid Office, *Enforcement of Cybersecurity Requirements under the Gramm-Leach-Bliley Act* (Feb. 28, 2020), available at https://fsapartners.ed.gov/knowledge-center/library/electronic-announcements/2020-02-28/enforcement-cybersecurity-requirements-under-gramm-leach-bliley-act.

In addition to the FTC and the FSA, the United States Office of Management and Budget ("OMB") has recognized that institutions of higher education are "financial institutions" subject to Title V of the GLBA. Specifically, the OMB's August 2020 Compliance Supplement, which is issued to assist auditors in performing certain required audits, includes audit objectives for colleges and universities concerning compliance with Title V of the GLBA. It states in pertinent part: "The Federal Trade Commission considers Title IV-eligible institutions that participate in Title IV Educational Assistance Programs as 'financial institutions' and subject to the Gramm-Leach-Bliley Act because they appear to be significantly engaged in wiring funds to consumers (16 CFR 313.3(k)(2)(vi))." Executive Office of the President, OMB, *Compliance Supplement 2020*, at 1445-1446 (Aug. 2020), available at https://www.whitehouse.gov/wp-content/uploads/2020/08/2020-Compliance-Supplement_FINAL_08.06.20.pdf.[2]

---

[2] In addition to the FTC, the FSA, and the OMB, the National Association of College and University Business Officers has recognized that "[b]ecause higher education institutions participate in financial activities, such as making Federal Perkins Loans, FTC regulations consider them financial institutions for GLB Act purposes." National Association of College and University

In an attempt to avoid dismissal, Plaintiff may point to BIPA's legislative findings section, which states that "[m]ajor national corporations have selected the City of Chicago and other locations in this State as pilot testing sites for new applications of biometric-facilitated financial transaction, including finger-scan technologies at grocery stores, gas stations, and **school cafeterias**." 740 ILCS 14/5(b) (emphasis added). But, this statement does not support the conclusion that the Illinois General Assembly intended institutions of higher education to be subject to BIPA. Indeed, if the General Assembly had wanted BIPA to apply to colleges and universities, even though they are financial institutions subject to Title V of the GLBA, it could have simply stated so in the statute. But, the General Assembly did not, instead it elected to provide that BIPA does not apply in any manner to any financial institution subject to Title V of the GLBA.

Furthermore, this statement in the legislative findings section is consistent with the conclusion that BIPA applies to a school that is not a financial institution subject to Title V of the GLBA, but BIPA does not apply to a school that is a financial institution subject to Title V of the GLBA. Many "schools," such as public elementary and secondary schools, do not make and administer student loans, and thus do not engage in the sort of financial activities that would subject them to the GLBA. Because BIPA applies to schools that are not financial institutions subject to Title V of the GLBA, it would apply to any finger-scanning in the cafeterias of those schools, as the General Assembly intended. But, by its express statutory language, BIPA does not apply to colleges and universities like IIT that are financial institutions subject to Title V of the GLBA.

---

Business Officers, "Colleges and Universities Subject to New FTC Rules Safeguarding Customer Information" (Jan. 13, 2003), available at https://www.nacubo.org/Topics/Privacy-and-Data-Security/Privacy-Data-Security-Resources.

### C. Like Other Colleges and Universities that Make and Administer Student Loans, IIT Is a Financial Institution Subject to Title V of the GLBA.

Plaintiff admits IIT is a university. (FAC at ¶¶ 1, 22.) As an institution of higher education, IIT participates in the U.S. Department of Education's Title IV student financial aid programs that are managed by FSA. As stated above, IIT is included in the Department's list of educational institutions that participate in Title IV federal student aid programs. *See* U.S. Dept. of Educ. Federal Student Aid Office, *Federal School Code Lists*, at https://fsapartners.ed.gov/knowledge-center/library/resource-type/Federal%20School%20Code%20Lists (last visited June 3, 2021). IIT is School Code 001691 on the most recent list. Further, IIT's Program Participation Agreement with the Department of Education relating to its receipt of Title IV funding expressly provides that IIT must comply with the GLBA and the FTC's regulations. *See* Ex. 1, § 3(f). Moreover, in July 2008—i.e., before BIPA was ever passed by the General Assembly—IIT issued an "Information Security Program" policy for the purpose of complying with the GLBA regulations. *See* Ex. 2 (available at https://web.iit.edu/general-counsel/resources/policies-and-procedures at Section I.2). Accordingly, there is no doubt that IIT is a financial institution subject to Title V of the GLBA.

Thus, this case is unlike the circumstances in *Stauffer v. Innovative Heights Fairview Heights, LLC*, 480 F. Supp. 3d 888, 903 (S.D. Ill. 2020), where the court concluded that the defendant was not a financial institution subject to Title V of the GLBA because it was the operator of a system that stored employee fingerprints and described itself on its website as a "leader in the entertainment software industry," and the complaint did not contain any allegations that described the defendant as a financial institution engaged in activities that would subject it to the GLBA. 480 F. Supp. 3d at 903. Here, by contrast, the Court can readily determine from the pleadings, the public statements of various federal agencies, and the judicially noticeable documents cited herein that IIT is a financial institution subject to Title V of the GLBA.

Accordingly, because IIT is a "financial institution" subject to Title V of the GLBA, "nothing" in BIPA "applies in any manner" to IIT. *See* 740 ILCS 14/25(c). Therefore, Plaintiff's claims that IIT violated BIPA all fail as a matter of law.

## V. CONCLUSION

For all of the above reasons, IIT respectfully requests that this Court enter an order granting its Rule 12(b)(6) motion to dismiss, dismissing the First Amended Complaint in its entirety with prejudice and entering judgment in favor of IIT, and granting any such further relief this Court deems equitable and just.

Respectfully submitted,

ILLINOIS INSTITUTE OF TECHNOLOGY

By: /s/ William T. "Toby" Eveland
One of its attorneys

William T. "Toby" Eveland (toby.eveland@saul.com)
Christopher S. Naveja (christopher.naveja@saul.com)
Elizabeth A. Thompson (elizabeth.thompson@saul.com)
Andrew E. Bollinger (andrew.bollinger@saul.com)
Saul Ewing Arnstein & Lehr LLP
161 North Clark Street, Suite 4200, Chicago, Illinois 60601
(312) 876-7100

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on June 11, 2021, he caused the foregoing **Illinois Institute of Technology's Memorandum in Support of Its Motion to Dismiss** to be filed electronically with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which sent electronic notification to all parties who have appeared and are registered as CM/ECF participants in this matter.

/s/William T. "Toby" Eveland