IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL FEE, individually and on behalf of all others similarly situated, | ) ) | |
| Plaintiff, | ) | No. 21-cv-2512 |
| v. | ) | |
| ILLINOIS INSTITUTE OF TECHNOLOGY, | ) | Judge Andrea R. Wood |
| Defendant. | ) | |

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant Illinois Institute of Technology ("IIT"), by its counsel, for its Reply in support of its Motion to Dismiss the First Amended Complaint with prejudice (Doc. No. 16), states:

**I.   INTRODUCTION**

In its memorandum in support of dismissal (Doc. No. 17), IIT explained that Plaintiff's claims fail because the Illinois Biometric Information Privacy Act, 740 ILCS 14/15 ("BIPA"), does not apply to IIT. Specifically, Section 25(c) of BIPA provides that it does not apply "in any manner to a financial institution or an affiliate of a financial institution that is subject to Title V of the federal Gramm-Leach-Bliley Act of 1999 [(the "GLBA")] and the rules promulgated thereunder." 740 ILCS 14/25(c). IIT, like other higher education institutions that make and administer numerous student loans, is a financial institution subject to Title V of the GLBA. Thus, because BIPA does not apply "in any manner" to IIT, Plaintiff's claims that IIT violated BIPA must be dismissed with prejudice.

In his response to IIT's motion to dismiss (Doc. No. 19), Plaintiff asserts that IIT has raised a "novel" argument, ignoring the fact that every other Illinois higher education institution facing BIPA litigation has advanced the same argument (*see* Doc. No. 16 at n.1), and disregarding that the first court to consider such an argument agreed with IIT's interpretation of the statute. *See Jane Doe v. Elmhurst Univ.*, 2020L001400 (Circuit Court of the Eighteenth Judicial Circuit, DuPage County, June 9, 2021) (holding that the term "financial institution" in BIPA means an entity that

is subject to the GLBA like colleges and universities) (attached as **Exhibit A**). In fact, counsel for Plaintiff in the case at bar is counsel for the plaintiff in the Elmhurst University case.

Furthermore, in his response, Plaintiff does not dispute that BIPA is wholly inapplicable to a "financial institution" subject to the GLBA. Plaintiff also does not dispute that institutions of higher education are financial institutions subject to the GLBA, as recognized by the Federal Trade Commission ("FTC"), the United States Department of Education, and the United States Office of Management and Budget. Instead, Plaintiff argues that BIPA's language somehow does not mean what it says. Specifically, Plaintiff claims that although BIPA plainly states that it does not apply "in any manner to a financial institution or an affiliate of a financial institution that is subject to Title V of the federal Gramm-Leach-Bliley Act of 1999 and the rules promulgated thereunder," BIPA actually means that only certain "financial institutions"—essentially, only "banks"—are exempted from BIPA's scope, rather than all financial institutions that are subject to the GLBA, as defined by the GLBA itself.

Plaintiff's tortured construction of BIPA is counter to the language of the statute, the intent of the General Assembly, relevant caselaw, and common sense. Recognizing the uphill battle he faces, Plaintiff also argues (albeit in passing) that even if BIPA's exemption does apply to all financial institutions as they are defined by the GLBA, including higher education institutions, IIT has not shown that it is such a financial institution. This argument fails in the face of the judicially-noticeable evidence IIT included with its memorandum in support of dismissal, which establishes that IIT is indeed a financial institution subject to the GLBA.

Accordingly, and as discussed further below, the Court should dismiss the First Amended Complaint with prejudice.

II.     ARGUMENT

    A.     **Plaintiff's proposed construction of BIPA runs counter to the plain text of the statute.**

Plaintiff's argument rests on the assertion that BIPA somehow "does not incorporate" the GLBA definition of "financial institution" even though it provides that it does not apply "in any manner to a financial institution or an affiliate of a financial institution that is subject to Title V of the federal Gramm-Leach-Bliley Act of 1999 and the rules promulgated thereunder." This is a flawed argument. BIPA expressly refers to the GLBA in the very same sentence that it provides for an exemption for "financial institutions." Further, as Plaintiff concedes, "[s]tatutory interpretation starts with the plain meaning of the statute's text," Pl. Memo. at 2 (Doc. No. 19) (quoting *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1093 (N.D. Ill. 2017)), yet Plaintiff engages in rhetorical somersaults in an effort to ignore the language of the statute at issue.

In an attempt to dance beyond the plain language of the statute, Plaintiff asks the Court to consult a dictionary for the meaning of "financial institution" as used in BIPA, but the Illinois General Assembly provided the meaning in the very same sentence that it used the term: a "financial institution" that is exempt from BIPA is a "financial institution subject to [the GLBA]." *See Brucker v. Mercola*, 227 Ill. 2d 502, 513, 886 N.E.2d 306, 313 (2007) ("[t]he language of the statute is the best indication of legislative intent"). Because the General Assembly expressly provided that a "financial institution subject to [the GLBA]" falls within BIPA's exemption, it is appropriate to look to the GLBA's definition of "financial institution" to determine what entities qualify for the exemption. And, as explained in IIT's opening brief (unchallenged by Plaintiff), institutions of higher education that participate in Title IV funding are "financial institutions" under the GLBA and the rules promulgated thereunder. *See* Def. Memo. at 6-9 (Doc. No. 17).

In an attempt to skirt the plain language of BIPA, Plaintiff resorts to a number of arguments that do not hold water. First, Plaintiff relies on two cases that construed the term "financial institution" when it was used in other contexts, *see* Pl. Memo. at 3-4 (Doc. No. 19), but neither of those cases dealt with BIPA's exemption for a "financial institution subject to [the GLBA]." *See, e.g.*, *Chicago Mercantile Exch. Inc. v. Tech. Rsch. Grp., LLC*, 721 F. Supp. 2d 785, 803 (N.D. Ill. 2020) (construing the term "financial institution" as used in a patent); *In re Meridian Sunrise Vill., LLC*, No. 1305503RBL, 2014 WL 909219 (W.D. Wash. Mar. 7, 2014) (construing the term "financial institution" as used in a loan agreement).

Plaintiff next turns to a statement in BIPA's legislative history, *see* Pl. Memo. at 4 (Doc. No. 19), where one representative mentioned that BIPA exempts "hospitals, organ donation efforts, licensed fingerprint vendors working with State Police doing background checks and private subcontractors working for a state or local unit of government and banks that are covered under Federal Law." Illinois House Transcript, 2008 Reg. Sess. No. 276 (May 30, 2008). But this representative's statement appears to have been intended to introduce the legislation to the Illinois Senate and does not purport to fully describe all of the details of the bill. There also is no reason to believe that the General Assembly only intended for "banks" to be excluded from BIPA—indeed, if the General Assembly had so intended, it would have provided that BIPA exempted "banks" rather than "financial institution[s] subject to [the GLBA]." The Court can and should presume that the General Assembly understood that "financial institution[s] subject to [the GLBA]" would carry a different meaning than "banks" and would cover all such financial institutions, rather than just banks.

Plaintiff also asserts that construing "financial institutions" to mean just "banks" somehow "prevents the term from being rendered superfluous" because the General Assembly could have

used the term "private entities" subject to the GLBA instead, *see* Pl. Memo. at 4-5 (Doc. No. 19), but this argument ignores the fact that the GLBA contains a specific definition of the term "financial institution." Using the term "private entities" would introduce a new and vague concept rather than the GLBA's own statutorily-defined term. The General Assembly clearly chose to use the term "financial institution" because that is the term used by the GLBA, and the General Assembly intended to draw a clear line around financial institutions subject to the GLBA.

Plaintiff next argues that the legislative findings section of BIPA supports his construction of the statute, *see* Pl. Memo. at 5-6 (Doc. No. 19), but Plaintiff's arguments do not overcome how IIT addressed this argument in its opening brief, *see* Def. Memo. at 10 (Doc. No. 17). As explained there, just because the legislative findings section of BIPA mentions that "[m]ajor national corporations have selected the City of Chicago and other locations in this State as pilot testing sites for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias," 740 ILCS 14/5(b), does not mean that the General Assembly intended institutions of higher education to be subject to BIPA. If the General Assembly had wanted to carve higher education institutions out of the exemption for financial institutions subject to the GLBA, it could have done so, but it did not. Furthermore, this portion of the legislative findings simply means that BIPA can apply to "schools" (and their cafeterias) that are not financial institutions subject to the GLBA.

### B. The only court that has addressed this issue to date adopted IIT's construction of the statute.

Plaintiff fails to mention the one Illinois state court decision that squarely addressed the issue before the Court: *Jane Doe v. Elmhurst Univ.*, 2020L001400 (Circuit Court of the Eighteenth Judicial Circuit, DuPage County, June 9, 2021). In *Elmhurst*, a student sued the university for using Respondus Monitor for examinations, claiming it had violated BIPA. The university argued

5

that BIPA did not apply in any manner to it because it is a financial institution subject to the GLBA. The court held:

> The term "financial institution" in Section 14/25(c) of the Illinois Biometric Information Privacy Act ("BIPA") means an entity that is subject to Title V of the Gramm-Leach-Bliley Act of 1999, 15 U.S.C. § 6801, *et seq.* ("GLBA") and the rules promulgated thereunder.

Ex. A; *see also* May 25, 2021 Tr. at 30 (the court stated "We just want to read a text reasonably and give it plain meaning. And to me, financial institutions is defined by whether or not the institution is subject to Title V of the Gramm-Leach-Bliley Act.") (attached as **Exhibit B**). The court further stated that plaintiff's proposed construction of BIPA was "unnatural": "So the idea that while you could be subject to Title V of the Gramm-Leach-Bliley Act as a financial institution under GLBA, but you're not a financial institution under BIPA, to the Court's mind, that is an unnatural reading of this provision, and so the Court finds that financial institution means entities that are subject to Title V of GLBA." Ex. B at 30.[1]

Thus, in the one decision to address this issue to date, an Illinois state court adopted IIT's proposed construction of the statute, and although it is only persuasive authority to this Court, the court's reasoning is sound and based on the plain language of BIPA and GLBA.

---

[1] The court went on to conclude that Elmhurst had not met its burden of establishing that it is a financial institution subject to the GLBA, and requested supplemental pleadings in that regard. *See* Ex. A. Here, by contrast, IIT has presented more than enough judicially-noticeable evidence to establish it is a financial institution subject to the GLBA, as discussed in its opening brief, Def. Memo. at 11 and Exs. 1 and 2 (Doc. Nos. 17, 17-1, and 17-2), and below at Section II.F.

### C. Plaintiff relies on irrelevant cases that do not address the issue and otherwise have not rejected IIT's construction of the BIPA.

At the same time he fails to acknowledge the one decision that addressed this issue, Plaintiff points to a number of other irrelevant decisions that did not adopt his proposed construction of BIPA's financial institution exemption.

First, Plaintiff argues that courts in two decisions have called BIPA a "remedial statute" and suggests that this means BIPA's financial institutions exemption should be interpreted narrowly, *see* Pl. Memo. at 6 (Doc. No. 19), but neither of those decisions addressed the exemption for financial institutions subject to the GLBA. *See Robertson v. Hostmark Hosp. Grp., Inc.*, No. 18-CH-5194, 2019 WL 8640568, at *3 (Ill. Cir. Ct. July 31, 2019) (holding that because Section 14/20 of BIPA is remedial and not penal in nature, the two-year statute of limitations for actions for "a statutory penalty" does not apply to claims under Section 14/20); *Burlinski v. Top Golf USA, Inc.*, No. 19-cv-06700, 2020 WL 5253150, at *7 (N.D. Ill. Sept. 3, 2020) (stating in *dicta* that the two-year statute of limitations for statutory penalty claims may not apply to claims under BIPA and referring to BIPA as a remedial statute).

Plaintiff also attempts to rely on this Court's decision in *Heard v. Becton, Dickinson & Co.*, No. 19 C 4158, 2021 WL 872963 (N.D. Ill. Mar. 9, 2021), but the exemption for financial institutions subject to the GLBA was not at issue in that case either. *See id.* at *7-9 (holding that BIPA's definition of "biometric identifiers," which excludes "information captured from a patient in a health care setting or information collected, used, or stored for health care treatment, payment, or operations under the federal Health Insurance Portability and Accountability Act of 1996," 740 ILCS 14/10, covered information relating to patients, not health care workers). Indeed, in *Heard*, the Court expressly drew a distinction between the provision on which the defendant was attempting to rely in that case and the "financial institution" exemption that is at issue in this case:

7

> [T]he court notes that if the Illinois legislature had intended to exclude health care workers from BIPA, there was a much more straightforward means to do so. Section 25 provides explicit carveouts for financial institutions and government contractors. *See* 740 ILCS 14/25(c) ("Nothing in this Act shall be construed to apply in any manner to a financial institution . . . ."); 740 ILCS 14/25(e) ("Nothing in this Act shall be construed to apply to a contractor, subcontractor, or agent of a State agency or local unit of government . . . ."). Yet the legislature did not include a provision explicitly stating that BIPA shall not be construed to apply to a health care provider, much less a biometric-device vendor. Alternatively, the legislature could have excluded health care institutions from the definition of private entity, but it did not. *See* 740 ILCS 14/10 ("A private entity does not include a State or local government agency.").

*Id.*, 2021 WL 872963, at *8. The Court is correct that the explicit carveout for financial institutions is "straightforward." Financial institutions are excluded from BIPA, regardless of what information they collect, from whom, and for what purposes. And just because a statute may be remedial in nature does not mean that a court is free to ignore the plain language of the statute, as Plaintiff asks.

Plaintiff next claims that courts have rejected IIT's argument that all financial institutions subject to the GLBA are exempted from BIPA, *see* Pl. Memo. at 7 (Doc. No. 19), but he fails to cite a single case in which a court actually considered and addressed the exemption for financial institutions subject to the GLBA. Instead, he points to cases involving defendants that he believes may be "GLBA-regulated," such as Facebook and Google, but where the financial institution exemption was not raised or addressed by the courts, either explicitly or implicitly. *See, e.g.*, *Miller v. Southwest Airlines Co.*, 926 F.3d 898 (7th Cir. 2019); *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088 (N.D. Ill. 2017); *Hazlitt v. Apple Inc.*, 500 F. Supp. 3d 738 (S.D. Ill. 2020), *vacated by In re: Apple Inc.*, No. 20-8033, 2021 WL 2451296 (7th. Cir. Jan. 22, 2021); *Vance v. Int'l Bus. Machines Corp.*, No. 20 C 577, 2020 WL 5530134 (N.D. Ill. Sept. 15, 2020); *Worldlaw v. Enter. Leasing Co. of Chicago, LLC*, No. 20 CV 3200, 2020 WL 7490414 (N.D. Ill. Dec. 21, 2020). These cases

neither support Plaintiff's tortured construction of BIPA nor suggest that any court has rejected IIT's statutorily-rooted interpretation of BIPA. They simply are irrelevant because they do not consider the issue at hand.

### D. The decision in *Stauffer* did not adopt Plaintiff's proposed construction of BIPA.

Plaintiff also misreads the decision in *Stauffer v. Innovative Heights Fairview Heights, LLC*, 480 F. Supp. 3d 888 (S.D. Ill. 2020), *see* Pl. Memo. at 7-8 (Doc. No. 19), as that case does not support his construction of the statute, as explained by IIT in its opening memorandum. *See* Def. Memo. at 6, 11 (Doc. No. 17). Rather, in *Stauffer*, the defendant argued that it should be classified as a financial institution and exempt from BIPA. 480 F. Supp. 3d at 903. The court disagreed, stating that "BIPA's financial institution exemption is explicit in that BIPA does not apply to financial institutions already subjected to GLBA." *Id.* The court then quoted the FTC's guidance on "the type of financial institutions that must comply with the GLBA." *Id.* The defendant in that case, however, was a data processor for the entertainment software industry and thus not a financial institution subject to the GLBA.

Despite what Plaintiff claims, the court in *Stauffer* did not engage in any sort of "two-step inquiry," Pl. Memo. at 8 (Doc. No. 19), where it first determined whether the defendant was a "financial institution" and then, if it was, whether it was subject to the GLBA. Instead, the court conducted a "one-step" analysis: determining whether the defendant was a financial institution subject to the GLBA. *Stauffer*, 480 F. Supp. 3d at 903-04. And just as the court in *Stauffer* looked to the FTC's guidance on the subject, the Court should do the same thing here, especially since the FTC has expressly stated that it "disagrees with those commenters who suggested that colleges and universities are not financial institutions" subject to the GLBA. Fed. Trade Comm'n, *Privacy of Consumer Financial Information, Final Rule*, 65 Fed. Reg. 33646, 33648 (May 24, 2000).

9

**E.    IIT's proposed construction of BIPA comports with the General Assembly's intent and will not leave BIPA open to being challenged as invalid "special legislation."**

Plaintiff also attempts to suggest that construing the financial institution as it is written would lead to a parade of horribles, where "the majority of the private sector would not be subject to BIPA's privacy protections . . . ." Pl. Memo. at 8 (Doc. No. 19). Similarly, Plaintiff wrongly claims that IIT's proposed construction of the law "could render BIPA invalid" by improperly conferring a special benefit on one group while excluding another, similarly-situated group in violation of the Illinois Constitution. Pl. Memo. at 10-12 (Doc. No. 19). But, it is entirely reasonable to conclude that the General Assembly intended the financial institution exemption to operate exactly as IIT has suggested, since the GLBA subjects financial institutions to rigorous privacy and security requirements. *See Bryant v. Compass Group USA, Inc.*, 503 F. Supp. 3d 597, 601 (N.D. Ill. 2020) ("The General Assembly likely excluded financial institutions because they are already subject to a comprehensive privacy protection regime under federal law.").

Furthermore, IIT's construction of BIPA would not expose it to a special legislation challenge. Indeed, in *Bryant*, this Court rejected a "special legislation" challenge to BIPA on this basis, reasoning that "[t]he General Assembly's decision to exclude certain entities from BIPA's coverage is eminently rational." *Id*. The Court concluded: "The General Assembly's decision to exclude government agencies and financial institutions was rationally related to BIPA's legitimate government interest in protecting Illinois residents' privacy. Those two categories of institutions already had privacy safeguards in place, so imposing additional obligations on them would have been minimally efficacious. Accordingly, BIPA is not unconstitutional special legislation." *Id*. *See also Stauffer*, 480 F. Supp. 3d at 902-03 (rejecting argument that BIPA was unconstitutional special legislation).

Plaintiff also suggests that compliance with the Family Educational Rights and Privacy Act ("FERPA") is not enough to protect his biometric information. *See* Pl. Memo. at 9-10 (Doc. No. 19). As IIT explained in its opening brief, *see* Def. Memo. at 7 (Doc. No. 17), under the FTC's Privacy Rule, higher education institutions can demonstrate compliance with the GLBA by complying with FERPA, 20 U.S.C. 1232g, and its implementing regulations. *See* 16 C.F.R. § 313.1(b). Plaintiff's complaint that FERPA is not good enough protection for his biometric information is better directed to the General Assembly (which exempted financial institutions subject to the GLBA), the FTC (which issued the rule providing that compliance with FERPA is sufficient to show compliance with the GLBA), or even Congress (which passed FERPA), not the Court. It is not a reason to ignore the plain text of BIPA.

F.   **IIT has established that it is a financial institution subject to the GLBA.**

Finally, Plaintiff argues in the alternative that even if IIT's construction of BIPA is correct, the Court should deny IIT's motion to dismiss because the record does not show that IIT is a financial institution subject to the GLBA. *See* Pl. Memo. at 13-14 (Doc. No. 19). This is incorrect. In its opening brief, IIT showed, using judicially-noticeable evidence, that it participates in the U.S. Department of Education's Title IV student financial aid programs, is subject to a Program Participation Agreement with the Department of Education that provides that it must comply with the GLBA and the FTC's regulations, and has issued an Information Security Program policy for the purpose of complying with the GLBA regulations. *See* Def. Memo. at 11 and Exs. 1 and 2 (Doc. Nos. 17, 17-1, and 17-2). As a participant in Title IV funding, IIT is subject to the GLBA and the rules promulgated thereunder, as the FTC, Department of Education, and Office of Management and Budget have recognized. *See* Def. Memo. at 6-10 (Doc. No. 17).

Plaintiff does not challenge this evidence or the fact that it is judicially-noticeable and can be considered at the motion to dismiss stage. The Court has more than enough evidence to

11

determine as a matter of law that IIT is a financial institution subject to the GLBA, and thus BIPA does not apply to IIT "in any manner" as expressly contemplated in the statute.

### III. CONCLUSION

For all of the above reasons and the reasons stated in its opening memorandum, IIT respectfully requests that this Court grant its Rule 12(b)(6) motion to dismiss and dismiss the First Amended Complaint in its entirety with prejudice.

Respectfully submitted,

ILLINOIS INSTITUTE OF TECHNOLOGY

By: /s/ William T. "Toby" Eveland
      One of its attorneys
William T. "Toby" Eveland
(toby.eveland@saul.com)
Christopher S. Naveja
(christopher.naveja@saul.com)
Elizabeth A. Thompson
(elizabeth.thompson@saul.com)
Andrew E. Bollinger (andrew.bollinger@saul.com)
Saul Ewing Arnstein & Lehr LLP
161 North Clark Street, Suite 4200, Chicago, Illinois 60601
(312) 876-7100

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on August 6, 2021, he caused the foregoing **Illinois Institute of Technology's Reply in Support of Its Motion to Dismiss** to be filed electronically with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which sent electronic notification to all parties who have appeared and are registered as CM/ECF participants in this matter.

/s/William T. "Toby" Eveland